IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOYCE MARIE HAMPTON,            )
           Plaintiff,            )
                       )
v.                              )    No. 3:17-CV-1833-M
                       )
GLENNA M. HAMPTON, ET AL.,      )
           Defendants.            )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case has been

referred to the United States Magistrate Judge. The findings, conclusions and recommendation of

the United States Magistrate Judge follow:

## I.  Background

Plaintiff is proceeding *pro se*, and the Court has granted her leave to proceed *in forma*

*pauperis*.  Defendants are Plaintiff's mother Glenna M. Hampton, her brothers Joe and James

Hampton, her sister Glenda F. H. Haywood, her daughters LaShey R. Dawkins, Devera L.

Dawkins, and Keedrian M. D. Swanson, her daughters' father Donald Dawkins, and Rene Carr,

Dwight Mymbs, John Hall, Lasharon D. Stayton, Bank of America, Neighborhood Credit Union,

Sovereign Bank, Double Tree Inn, and Hilton Hotel.  The Court has not issued process pending

preliminary screening.

Plaintiff states Defendants have conspired to steal her inheritance from her by

withholding documents, forging her name on documents, and taking deeds to properties.  She

claims her great-uncle invented Coca-Cola and Frito-Lay and that she inherited these companies.

She states her family's last name of "Motan" is French for "Exxon," and that she inherited Exxon

Corporation.  She also claims she inherited Exstur Oil and Mobil Oil.  She states Defendants have conspired to steal these companies from her.  She also claims she won money and gold coins from a casino, but the money has not been deposited to her accounts at Bank of America, Neighborhood Credit Union, and Sovereign Bank.  She states she attempted to buy vehicles at two Jaguar/Land Rover dealerships and one BMW dealership, but was told her casino winnings were not listed in her accounts.  She does not appear to allege any facts against DoubleTree Inn and Hilton Hotel.  She seeks documents relating to her inheritance and wills, as well as return of property that she claims was stolen from her.

## II.  Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.    Discussion

Claims within a complaint that describe "fantastic or delusional scenarios" lack an

2

arguable basis in fact and may be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also*, *Denton v. Hernandez*, 504 U.S, 25, 32-33 (1992) ("a finding of factual frivolousness is appropriate where the facts alleged rise to the level of the irrational or the wholly incredible . . .") (citations omitted).  In this case, Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature.  Dismissal is warranted under these circumstances.

## III.  Recommendation

The Court recommends that this case be dismissed as frivolous under 28 U.S.C. § 1915(e).

Signed this *13* day of *September*, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).